IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CURTIS DILLARD, JR.,

    Plaintiff,

    v.

PATRELLA *et al.*,

    Defendants.

1:25CV849

## <u>ORDER AND RECOMMENDATION<br>OF UNITED STATES MAGISTRATE JUDGE</u>

This case is before the Court on the plaintiff Curtis Dillard, Jr.'s motions for appointment of counsel, Docket Entry 14, and summary judgment, Docket Entry 15. The defendants argue that Dillard's summary judgment motion is premature and have therefore filed a motion to stay dispositive motions and discovery until the Court issues a scheduling order. Docket Entry 16.

The Court denies Dillard's motion to appoint counsel, Docket Entry 14, and grants the defendants' motion to stay discovery and dispositive motions, Docket Entry 16. It is recommended that the Court deny Dillard's motion for summary judgment, Docket Entry 15, as premature.

    I.    MOTION TO APPOINT COUNSEL

Earlier in these proceedings, Dillard requested that the Court appoint counsel for him, citing his "limited formal education of law." Docket Entry 11 at 1. The Court denied his request. Text Order, 12/15/2025.

Now, Dillard again moves for appointment of counsel, making essentially the same argument. *See* Docket Entry 14 at 1. ("The representatives are experienced for the defendants while the plaintiff is *pro se* and unfamiliar with the procedures of the court."). While the Court's earlier decision was without prejudice, the Court's earlier reasoning holds, and courts generally do not reopen issues already decided absent new evidence, arguments, or clear error. *See White v. City of Greensboro*, 586 F. Supp. 3d 466, 491 (M.D.N.C. 2022).

Accordingly, the Court denies Dillard's motion to appoint counsel.

## II. MOTIONS REGARDING SUMMARY JUDGMENT

"[S]ummary judgment should only be granted 'after adequate time for discovery.'" *McCray v. Maryland Dep't of Transp., Maryland Transit Admin.*, 741 F.3d 480, 483 (4th Cir. 2014) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Federal Rule of Civil Procedure 56(d) requires that the non-movant file an affidavit or declaration showing summary judgment is premature. "However, strict compliance with this requirement is not necessary if the nonmoving party 'has had little or no opportunity to conduct discovery' and 'the nonmoving party has adequately informed the district court that the motion is pre-mature and that more discovery is necessary.'" *Brent v. City of Cumberland Police Dep't*, 700 F. Supp. 3d 314, 320 (D. Md. 2023) (quoting *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002)).

Here, Dillard moved for summary judgment before the Court entered a scheduling order, *see* Docket Entry 15, which is the time when discovery customarily begins. The defendants have therefore had no opportunity for discovery, as they adequately informed the Court in their motion to stay discovery and dispositive motions. *See* Docket Entry 16. And discovery appears necessary given that Dillard cites video evidence—which is not currently on the record—in his motion. *See* Docket Entry 15 at 1.

Accordingly, the Court grants the defendants' motion, Docket Entry 16, and stays discovery and dispositive motions until the Court files its scheduling order.

It is recommended that the Court deny Dillard's motion for summary judgment, Docket Entry 15, as premature.

## III. CONCLUSION

**IT IS ORDERED** that Dillard's motion for appointment of counsel, Docket Entry 14, is **DENIED**, that the defendants' motion to stay discovery and dispositive motions, Docket Entry 16, is **GRANTED**, and that dispositive motions or discovery requests filed before this Court enters the scheduling order are deemed premature.

**IT IS RECOMMENDED** that Dillard's motion for summary judgment, Docket Entry 15, be **DENIED** as premature.

JoAnna Gibson McFadden
United States Magistrate Judge

April 10, 2026
Durham, NC